IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W.6 Restaurant Group Ltd., d/b/a The Barley House of Cleveland, et al., | ) ) ) | CASE NO. 1:17-cv-02521 |
| Plaintiffs, | ) ) ) | JUDGE DAN A. POLSTER |
| -vs- | ) ) | **PLAINTIFFS' MOTION TO REMAND** |
| Richard Bengtson, et al., | ) ) ) | |
| Defendants. | | |

Plaintiffs, W.6 Restaurant Group Ltd., d/b/a The Barley House of Cleveland ("Barley House") and Richie Madison ("Madison"), by and through undersigned counsel, respectfully move the Court for an Order remanding the above-captioned case to the Cuyahoga County Court of Common Pleas.  Contrary to the self-serving and unsubstantiated allegations in Defendants' Notice of Removal [Doc. # 1], the sole evidence of record and the Defendants' statements conclusively demonstrate that Defendant Alissa Violet Butler is a citizen of the State of Ohio. Given the Defendants' concession that the Plaintiffs are also citizens of the State of Ohio [Notice of Removal (Doc. # 1) at ¶2], the prerequisite of complete diversity of citizenship is lacking. Accordingly, this Court must remand back to the Cuyahoga County Court of Common Pleas before ruling on the "Emergency Motion to Dissolve Temporary Restraining Order" improvidently filed by the Defendants to delay an upcoming preliminary injunction hearing and forum shop.

The grounds for Plaintiffs' Motion to Remand are more fully set forth in the attached Memorandum in Support, which is incorporated by reference herein.

Respectfully submitted,

/s/ Jeffrey C. Miller
Jeffrey C. Miller (#0068882)
Christopher B. Congeni (#0078160)
Adam D. Fuller (#0076431)
Chad R. Rothschild (#0088122)
**BRENNAN, MANNA & DIAMOND, LLC**
200 Public Square, Suite 3270
Cleveland, Ohio 44114
Telephone:     216.658.2155
Facsimile:     216.658.2156
Email:          jcmiller@bmdllc.com
                cbcongeni@bmdllc.com
                adfuller@bmdllc.com
                crothschild@bmdllc.com
*Counsel for Plaintiffs*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.**     <u>**Introduction and Relevant Facts**</u>

After a night of partying over Thanksgiving break while Defendant Richard Bengtson was in Cleveland visiting the permanent home of his girlfriend, Defendant Alissa Violet Butler,[1] Defendants both maliciously began waging a cyber-bullying campaign against the Plaintiffs causing irreparable interference with business, unrelenting infliction of emotional distress, and pervasive defamatory statements by the Defendants and those working in active concert with the Defendants..  Immediately upon leaving Barley House the morning of Sunday, November 26, 2017 around 2:45 am, the Defendants falsely claimed and published on social media distributed to millions of users:

- "Barley House in Cleveland just literally tried so much shit.  They fucked us up in Cleveland.  No one go to Barley House, I'm about to file a lawsuit."

- "Barley House in Ohio, Cleveland, fuck this place.  These guys just fucking choked me out, cause this guy just tried to grab my girlfriend's ass.  Fuck Barley House in Cleveland.  This should be on TMZ tomorrow."[2]

As damaging as these defamatory statements are, in the days that followed, the Defendants used their online fame in a manner designed to (and which they knew was likely to) incite and produce imminent violence, hostile behavior, and other lawless action.  *See* Verified Complaint [Doc. # 1-2] at ¶¶5, 27.  As just a small sampling of the hundreds of attacks and death threats Plaintiffs would not have been subjected to but for the Defendants:

- "Oh, when I find you on the street girl . . . and I know where Bri works . . . :))) see you soon" (Doc. # 1-2 at PageID # 31)

---

[1] *See*  https://www.youtube.com/watch?v=k788bW4bTlA&t=1150s  from 0:29 to 0:31, where Defendant Bengtson proclaims that he is "going to [Defendant] Alissa's house . . . Alissa's family's house in Ohio."  *See also infra* pages 5-6.

[2] Verified Complaint [Doc. # 1-2] at ¶¶34-35.

- "IM COMING FOR YOU GUYS WITH A GUN AND IMMA KILL YA ALL BXSHES(im legit no fcking joke<--->)" (*id.* at PageID # 33);

- "Storm is coming soon get ready bitches!!!" (*id.* at PageID # 34);

- "You're fucked" (directed at Plaintiff Madison) (*id.* at PageID # 35);

- "I will kill you, you fucking pussy.  I will fucking kill you."  (*Id.* at PageID # 38).

The Defendants did everything they could to make good on their promise to Plaintiffs that "We can ruin you!"  *See* Verified Complaint [Doc. # 1-2] at ¶36; *see generally id*.  In order to protect themselves and the safety of Barley House's employees and patrons and to mitigate the damages caused by the Defendants' unrelenting attacks, the Plaintiffs were left with no choice but to seek immediate injunctive relief from the Cuyahoga County Court of Common Pleas, which was correctly granted on Thursday, November 30, 2017.

The Defendants were given notice of the Plaintiffs' intent to seek temporary injunctive relief but chose not to appear or participate in the proceedings.  Instead, about one (1) business day later, in a blatant display of forum-shopping, the Defendants' sought to remove this action before even being formally served.  *See* Notice of Removal [Doc. # 1] at ¶2.  On the same day, the Defendants' filed an "Emergency Motion to Dissolve Temporary Restraining Order" – placing the Court in the precarious position of potentially having to render a ruling on a state court TRO over which it has no jurisdiction.

## II.      <u>Law and Analysis</u>

### A.  Standard of Review

"After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c)." *Joseph v. Baxter Int'l.*, 614 F. Supp. 2d 868, 871 (N.D. Ohio 2009).  "Removal is strongly disfavored by Congress and thus the removal statutes are to be narrowly construed to

limit federal court jurisdiction." *Ethington v. Gen. Elec. Co.*, 575 F.Supp.2d 855, 860 (N.D. Ohio 2008).  As the parties seeking removal, the "Defendants bear the burden of establishing federal court jurisdiction." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir.2017) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).  To be sure, this burden is a heavy one to overcome, given that the "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Eastman*, 438 F.3d at 549-50. Consequently, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Id.*; *accord Mays, supra* (recently confirming that "removal statutes are to be strictly construed, and all doubts should be resolved against removal").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [in any case removed from a State court], the case shall be remanded."  28 U.S.C. § 1447(c).

### B.  This Court is Without Jurisdiction Due to the Lack of Diversity Jurisdiction

The Defendants' attempt to rely on diversity jurisdiction under 28 U.S.C. §1332(a) is improper and unavailing.  *See* Notice of Removal [Doc. # 1] at ¶8.  That portion of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. §1332(a)(1).  Subject matter jurisdiction based on the diverse citizenship of parties requires "complete diversity of citizenship," *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), i.e. "all parties on one side of the litigation [must be] of a different citizenship from all parties on the other side of the litigation." *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989) (citing 28 U.S.C. § 1332(a), (c)); *accord Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir. 1999).

"State citizenship for the purpose of the diversity requirement is equated with domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). One acquires a "domicile of origin" at birth, and that domicile continues until a new one (a "domicile of choice") is acquired. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "[D]omicile is an individual's permanent place of abode where he need not be physically present, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile." *Eastman v. Univ. of Michigan*, 30 F.3d 670, 673 (6th Cir.1994). "Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Aronoff*, 915 F.2d at 1072. "A person's previous domicile is not lost until a new one is acquired." *Id.* To assess a party's domicile for the purposes of its diversity jurisdiction, the Court reviews "the facts as they exist at the time an action is initiated." *Pitt Exavating, LLC v. Pitt*, 603 Fed. Appx. 393, 396 (6th Cir. 2015) (quotation omitted).

"When reviewing diversity-jurisdiction claims, courts typically take into account a variety of factors indicating the extent of a particular party's ties to the purported domicile." *Persinger v. Extendicare Health Services, Inc.*, 539 F.Supp.2d 995, 997 (S.D.Ohio 2008). These include, but are not limited to:

> [c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes.

*Persinger* at 997, quoting 13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed.1984). "No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported

domicile, but also their substantive nature." *Persinger* at 997, citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

In this case, Defendant Butler is domiciled in (and thus a citizen of) the State of Ohio. There is no dispute that she was born in Ohio (and thus her initial domicile was Ohio). There is no dispute that Defendant Butler graduated from Brunswick High School as part of the class of 2014. As further incontrovertible evidence, a comprehensive public records report run through LexisNexis confirms that her only verified and active address from January 2012 – November 2017 has been 3548 Abington Court, Brunswick, OH 44212. *See* Exhibit "1" attached hereto.[3] This is the same address and residence provided by Plaintiffs in paragraph 5 of their Verified Complaint. As also indicated in the attached exhibit, the last driver's license issued to Defendant Butler was from the State of Ohio and also lists 3548 Abington Court, Brunswick, OH 44212 as her address. *Id.* at 3. Additionally, her car was purchased in Ohio and is registered and titled in her name at her Brunswick, Ohio address. *Id.* at 4-5. Thus, Defendant Butler's domicile has been and remains Ohio.

Defendant Butler alleges (through counsel and without claiming under penalty of perjury through affidavit or other credible evidence) that she is a citizen of the State of California. Defendant Butler provides no insight or evidence of when she supposedly changed her state citizenship from Ohio to California. Regardless, any California residence Defendant Butler can supply the Court is just that – a temporary residence. Defendant Butler is 21 years of age and her permanent place of abode and domicile is 3548 Abington Court, Brunswick, OH 44212. Her

---

[3] Indeed, the only California address provided in the report is 350 South Fuller Avenue, Apartment 12C, Los Angeles, CA 90036 was temporary residence from April 2017 until October 2017, and does not evidence an "intent to remain there" as required to establish and claim California as her new domicile. It appears from social media that she is now temporarily living with Defendant Bengtson https://www.youtube.com/watch?v=GMKr0_X5irY.

alleged temporary residence in California is "more consistent with a person who is on an extended or protracted absence from his domicile" as seen in *Persinger* because there is no evidence that she has obtained a permanent California residence, a California driver's license, or transferred her vehicle registration to California.  539 F.Supp.2d at 998.

To the extent there is any doubt about Defendant Butler's citizenship and domicile as of November 30, 2017, such doubt must be resolved in Plaintiffs' favor and against removal. *Eastman*, 438 F.3d at 549-50; *Mays, supra*.  Accordingly, for purposes of assessing diversity jurisdiction, Defendant Butler is *not* a citizen of the State of California, but rather is and always has been a citizen of the State of Ohio.

## III.  <u>Conclusion</u>

There is an absence of complete diversity of citizenship because Plaintiffs and Defendant Butler are each citizens of the State of Ohio.  Resolving any and all doubts in Plaintiffs' favor, this Court is without jurisdiction and must remand this case to the Cuyahoga County Court of Common Pleas.  The lack of federal jurisdiction is incurable, and continuation of this case in federal court would be futile.  Therefore, Plaintiffs respectfully request that the Court expedite the remand of this case to the Cuyahoga County Court of Common Pleas so that the parties may be timely heard on that court's Temporary Restraining Order.

Respectfully submitted,

/s/ Jeffrey C. Miller
Jeffrey C. Miller (#0068882)
Christopher B. Congeni (#0078160)
Adam D. Fuller (#0076431)
Chad R. Rothschild (#0088122)
**BRENNAN, MANNA & DIAMOND, LLC**
200 Public Square, Suite 3270
Cleveland, Ohio 44114
Telephone:    216.658.2155
Facsimile:    216.658.2156
Email:        jcmiller@bmdllc.com
              cbcongeni@bmdllc.com
              adfuller@bmdllc.com
              crothschild@bmdllc.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2017, a copy of the foregoing *Plaintiffs' Motion to Remand* was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Jeffrey C. Miller
*Counsel for Plaintiffs*

## LOCAL RULE 7.1(f) CERTIFICATION

I hereby certify that the foregoing above-captioned case pending in the United States District Court, Northern District of Ohio, Eastern Division, is on an unassigned track, and that the foregoing *Plaintiffs' Motion to Remand* complies with all requirements of Local Rule 7.1(f).

/s/ Jeffrey C. Miller
*Counsel for Plaintiffs*

4838-3755-0680, v. 1

9