UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| W.6 Restaurant Group Ltd., d/b/a The Barley House of Cleveland, et. al., ) ) ) Plaintiffs, ) ) v. ) ) Richard Bengtson, et al. ) ) Defendants. ) | CASE NO.: 1:17 – cv - 02521 JUDGE DAN AARON POLSTER **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** |

Defendants, Richard Bengtson and Alissa Violet Butler, by and through undersigned counsel, submits this Opposition to Plaintiffs' Motion for Remand. Defendants removed this case from the Cuyahoga County Court of Common Pleas on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. Based on the Declaration of Alisa Violet Butler, a copy of which is attached hereto as Exhibit 1, complete diversity exists between Plaintiffs, citizens of the State of Ohio, and Defendants, citizens of the State of California.

Plaintiffs only argument with respect to its Motion to Remand is that "Defendant Butler is 21 years of age and her permanent place of abode and domicile is 3548 Abington Court, Brunswick, OH 44212." Defendant Butler's age, of course, is not relevant. Plaintiffs further claim that Defendant Butler's residence is "temporary" and "more consistent with a person who is on an extended or protracted absence from [her] domicile." *See Motion to Remand, page 8.* Plaintiffs claim that the "incontrovertible evidence, a comprehensive public records report run through LexisNexis confirms [Defendant Butler's] only verified and active address from January 2012 – November 2017 has been 3548 Abington Court, Brunswick, Ohio, OH 44212." *See*

{01118945-1}

*Motion to Remand, page 7, Exhibit 1.* A LexisNexix report, however, is simply not competent credible or admissible evidence to show Defendant Butler's domicile[1].

It is well established that "[s]tate citizenship for purposes of the diversity requirement [of 28 U.S.C. § 1332] is equated with domicile." *Von Dunser v. Aronoff,* 915 F.2d 1071, 1072(6th Cir.1990). In the eyes of the law, domicile is not synonymous with a person's residence. *See Kaiser v. Loomis,* 391 F.2d 1007, 1009 (6th Cir.1968). Moreover, a person can only have one domicile at a time for purposes of diversity jurisdiction--"a previous domicile cannot be lost until another is adequately established." *See Eastman v. Univ. of Michigan,* 30 F.3d 670, 672-73 (6th Cir.1994); *see also Von Dunser,* 915 F.2d at 1072. To establish new domicile, an individual must both reside in the new domicile and intend to remain there. *Von Dunser,* 915 F.2d at 1072. Both of these factors must be met, "either without the other is insufficient." *Kaiser,* 391 F.2d at 1009. Mere absence from a fixed home, however long or continued, cannot in and of itself effect a change in domicile. *Id.* (quoting *Mitchell v. United States,* 21 Wall. 350, 88 U.S. 350, 22 L.Ed. 584 (1874)). The initial burden of proving citizenship rests with the party invoking the court's jurisdiction. Once domicile is shown, however, the burden shifts to the defendant to show that domicile has changed by a preponderance of the evidence. *Kaiser,* 391 F.2d at 1010.

---

[1] Plaintiffs point to social media to suggest that "it appears from social media that she is now temporarily living with Defendant Bengston." *See Motion to Remand, Footnote 7: "My Girlfriend is Moving In!!"* at:

https://www.bing.com/videos/search?q=youtube+faze+banks&qpvt=youtube+faze+banks&view=detail&mid=FFC2E337B70DD805C9D9FFC2E337B70DD805C9D9&FORM=VRDGAR

Plaintiffs fail to explain how this video provides evidence that Defendant Butler's "moving in" with Defendant Bengston is evidence that she is only "temporarily living" in California. Even a cursory view of the video demonstrates that she is packing up her personal belongings into numerous boxes and moving those personal belongings from one apartment in California and moving in with Defendant Bengston in California. In any event, her declaration dispels any notion of temporary residence.

{01118945-1}

When reviewing diversity-jurisdiction claims, courts typically take into account a variety of non-exhaustive factors indicating the extent of a particular party's ties to the purported domicile. These include, but are not limited to:

> [c]urrent residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs and other associations; place of employment or business; driver licenses and other automobile registration; [and] payment of taxes.

13B Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed.1984). No single one of these factors is dispositive, and the analysis does not focus simply on the number of contacts with the purported domicile, but also their substantive nature. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

The Declaration of Defendant Butler conclusively establishes that her domicile is now, and has been for some time, in the State of California. *See* Exhibit 1, the Declaration of Alyssa Violet Butler. Since June 3, 2015, Defendant Butler's residence is in southern California. Her bank account and money is in California. And, her driver license, which was issued on June 13, 2016, was issued by the State of California. California is her permanent residence and home and she has no intention of residing in Ohio in the foreseeable future. While she grew up in Ohio, and her family still lives here, she does not maintain a residence in Ohio and she only visits Ohio a few times a year to see her family.

Contrary to the conclusory and unsupported allegations in Plaintiff's Motion to Remand, this case is a far cry from the facts set forth in *Persinger, supra.* In Persinger, Mr. Persinger had been living for only about four to six weeks at a friend's trailer in Ohio prior to the motorcycle accident which ultimately claimed his life. While he was a patient at a rehabilitation facility before his death, he held a valid West Virginia driver's license, which he had recently renewed

five months before his death. He listed a West Virginia address on his driver's license and maintained bank accounts in West Virginia. His estate brought a wrongful death action in federal court claiming diversity of jurisdiction. Defendants filed a motion to dismiss claiming a lack of diversity jurisdiction based on Mr. Persinger having lived in a friend's trailer for four to six weeks. In overruling the motion to dismiss, the District Court found substantial contacts with West Virginia such that Persinger should be legally considered domiciled in that state. Diversity jurisdiction was satisfied.

    In the present case, Ms. Butler must be considered domiciled in the State of California where she has resided since June 2015, where her driver's license was and is issued, and where her bank account and money are located. California is her permanent residence and home and she has no intention of residing in Ohio in the foreseeable future.

    Based on the foregoing, Plaintiffs' Motion for Remand must be denied.

    Respectfully submitted,

*/s/ Robert T. Glickman*
Robert T. Glickman (0059579)
David M. Cuppage (0047104)
McCarthy, Lebit, Crystal
 & Liffman Co., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
dmc@mccarthylebit.com

{01118945-1}

4

>Scott J. Sholder
>COWAN, DEBAETS, ABRAHAMS &
> SHEPPARD, LLP
>41 Madison Avenue, 38th Floor
>New York, New York 10010
>(212) 974-7474 – Telephone
>(212) 974-8474 – Facsimile
>ssholder@cdas.com
>
>*Attorneys for Defendants*

## LOCAL RULE 7.1(f) CERTIFICATION

I hereby certify that the foregoing above-captioned case pending in the United States District Court, Northern District of Ohio, Eastern Division, is on an unassigned track, and that the foregoing complies with all requirements of Local Rule 7.1(f).

>*/s/ David M. Cuppage*
>David M. Cuppage
>*One of the Attorneys for Defendants*

{01118945-1}


## CERTIFICATE OF SERVICE

The foregoing was electronically filed this 7th day of December 2017. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David M. Cuppage
David M. Cuppage
*One of the Attorneys for Defendants*