UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W.6 Restaurant Group Ltd., d/b/a The Barley House of Cleveland, *et al.*, | ) ) ) | CASE NO.: 1:17-cv-02521 |
| Plaintiffs, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) ) | **AFFIDAVIT OF DEFENSE COUNSEL PURSUANT TO COURT ORDER AND MINUTES OF PROCEEDINGS DATED JANUARY 16, 2018** |
| Richard Bengtson, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

The undersigned, David M. Cuppage, Robert T. Glickman, and Scott J. Sholder, do hereby depose and say:

1.      David M. Cuppage and Robert T. Glickman are attorneys with the law firm McCarthy, Lebit, Crystal & Liffman Co., L.P.A. Scott Sholder is an attorney with the law firm Cowan, DeBaets, Abrahams & Sheppard, LLP.  Cuppage, Glickman, and Sholder are counsel for Defendants Richard Bengtson and Alissa Violet Butler (collectively, "Defendants") in the above-captioned suit. This Affidavit is being submitted pursuant to the Court's Order and Minutes of Proceedings dated January 16, 2018.

2.      On or about December 13, 2017, attorneys Cuppage, Glickman, and Sholder (collectively referred to herein as "Defense Counsel"), along with Mr. Bengtson and Ms. Butler, appeared in Court for a hearing on Defendants' Emergency Motion to Dissolve the Temporary Restraining Order and Plaintiffs' Motion for a Preliminary Injunction.

3.      While in court and in chambers, counsel for the Plaintiffs, Jeff Miller, Christopher Congeni, Adam Fuller, and Chad Rothschild (Miller, Congeni, Fuller, and Rothschild shall be referred to collectively herein as "Plaintiffs' Counsel"), and Defense Counsel began discussions

to attempt to resolve the Motion to Dissolve and Plaintiff's Motion for Preliminary Injunction. A basic framework for resolution of the Motion to Dissolve and Motion for Preliminary Injunction was reached during these discussions. Numerous bullet points were agreed upon for a proposed responsive YouTube Video by Mr. Bengtson (the "Response Vlog"), which bullet points were suggested by Mr. Bengtson in order to address the disputed events of the night of November 25 and early morning of November 26, 2017.

4.      Plaintiffs' Counsel, along with Plaintiff's representatives, and Defense Counsel, along with Mr. Bengtson and Ms. Butler, returned to the offices of McCarthy, Lebit, Crystal & Liffman to continue negotiations of the settlement agreement and contents of Mr. Bengtson's Response Vlog.

5.      The Court's minutes of proceedings, filed of record on December 13, 2017, reflect the following:

> Motion Hearing to address [3] Motion to Dissolve Temporary Restraining Order held on 12/13/2017. Attorneys Christopher Congeni, Adam Fuller, Chad Rothschild, Jeffrey Miller (Plaintiff), David Cuppage, Robert Glickman, and Scott Sholder (Defendant), Robert George (Plaintiff representative), Richard Bengtson, and Alissa Butler (Defendants) present. ***The parties will enter into a private agreement to be presented to the Court no later than 12:00 p.m. on Thursday, December 14, 2017 which will obviate the further need for injunctive relief. The Court extended the Temporary Restraining Order until midnight on December 14, 2017, or until the agreement is executed***. A Telephone Conference is set for 1/10/2018 at 03:00 PM before Judge Dan Aaron Polster to discuss further action in this case. (Court Reporter: George Staiduhar.) Time: 30 minutes. (emphasis supplied).

6.      After several hours of drafting and negotiating a partial settlement agreement, the parties reached an agreement (hereafter the "Confidential Partial Settlement Agreement") which was eventually signed by all parties.

7.      On December 14, 2017, the Confidential Partial Settlement Agreement was presented to this Court pursuant to the Court's minutes of proceedings.

2

8.      Neither the Confidential Partial Settlement Agreement nor its terms were incorporated into any court order or consent decree.

9.      Following the December 13, 2017 proceedings, Mr. Bengtson began working on the Response Vlog which is the subject of the Confidential Partial Settlement Agreement.

10.     At all times relevant hereto, Mr. Bengtson consulted with Defense Counsel.

11.     On December 19, 2017, the Response Vlog was published on YouTube.

12.     On December 20, 2017, a telephone conference was held by this Court at 2:15 PM.

13.     On December 20, 2017, the Response Vlog was removed from Mr. Bengtson's YouTube account.

14.     On December 21, 2017, this Court entered its Minutes of Telephone Conference and Scheduling Order, which provided in relevant part:

> On December 20, 2017, Plaintiff's counsel Adam Fuller contacted a member of the Court's staff to inquire what to file arising from Defendants' alleged violation of their agreement via a YouTube video. The Court scheduled a teleconference for counsel and clients. During the teleconference, Robert George stated that he had been forced to close the Barley House the previous night due to harassment and threats of violence arising from Defendants' latest video. The Court noted that, after watching 8 minutes of the video, it was clear that Defendant Bengtson had violated the parties' December 13 agreement. The Court ordered Defendant Bengtson to take the video down immediately, and prohibited him from saying anything further until the hearing on any media platform about the Barley House, either directly or indirectly. ***Accordingly, the Court hereby schedules a formal contempt hearing in Room 18B of the Carl B. Stokes United States Court House beginning at 9:00 a.m. on Wednesday, January 3, 2018.*** With the exception of Defendant Butler who does not appear to have engaged in conduct violative of the parties' agreement, counsel and clients must attend the hearing in person. (Emphasis supplied.)

15.     Following a continuance, the contempt hearing was conducted on January 11, 2018.

16.     At the Contempt Hearing, this Court conducted examination of Mr. Bengtson who testified, over numerous objections by Defense Counsel, as to matters Defense Counsel believed were protected from disclosure by the attorney-client privilege. *See* Transcript of Proceeding, pages 39-40, 51-52, 53, 54, 55, and 68.

17.     On January 16, 2018, this Court issued minutes of proceedings, which provide in relevant part:

> Contempt Hearing held on 1/11/2018. At that hearing, Defendant Bengtson testified that he showed the complete video to counsel before uploading it on December 19, 2017; that he believed the video was consistent with December 13, 2017 Confidential Settlement Agreement; and that he based this belief upon communications he had with his counsel. Accordingly, the Court directed counsel to file a pleading by 12:00 p.m. on Friday, January 26, 2018 confirming or refuting this testimony. If counsel did advise Bengtson that the 12/19/2017 video was consistent with the 12/13/2017 Confidential Settlement Agreement, the filing and affidavits must explain this conclusion.

18.     Pursuant to the Court's order, Defense Counsel, after confirming with Mr. Bengtson, subject to and without waiving the attorney-client privilege and attorney-work product doctrine, and over continued objections hereby restated and incorporated in full, hereby confirms the following:

a.  Mr. Bengtson provided the complete Response Vlog to Defense Counsel before uploading it on December 19, 2017;

b.  Mr. Bengtson believed the Response Vlog was consistent with December 13, 2017 Confidential Partial Settlement Agreement;

c.  Mr. Bengtson based this belief upon communications he had with Defense Counsel and upon his review and understanding of the Confidential Partial Settlement Agreement;

d.  Defense Counsel advised Mr. Bengtson, among other things, that the 12/19/2017 Response Vlog was consistent with the 12/13/2017 Confidential Partial Settlement Agreement.

19.    The specific advice provided to Mr. Bengtson is subject to the attorney-client privilege, and the specific bases for Defense Counsel's conclusions are subject to the attorney work product doctrine. Subject to and without waiving objections based on the attorney-client privilege and attorney work product doctrine, the bases for Defense Counsel's advice to Mr. Bengtson concerning the Response Vlog are set forth in the *Brief in Response to Order Setting Contempt Hearing* filed by Defense Counsel for Defendant Richard Bengtson on January 8, 2018 and in the *Brief in Response to Plaintiffs' Bench Brief in Support of Sanctions for Violation of the Partial Settlement Agreement* filed by Defense Counsel for Defendant Richard Bengtson on January 11, 2018, and all accompanying exhibits and summaries thereto.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
David M. Cuppage

Sworn to and subscribed in my presence this 26th day of January 2018

_____
Notary Public

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Robert T. Glickman

Sworn to and subscribed in my presence this 26th day of January 2018

_____
Notary Public



**DAYNA M. HLOSKA**
Resident Summit County
Notary Public, State of Ohio
My commission has
no expiration date.
Section 147.03 O.R.C.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Scott J. Sholder

Sworn to and subscribed in my presence this 26th day of January 2018

MARISSA B. LEWIS
NOTARY PUBLIC-STATE OF NEW YORK
No. 02LE6310862
Qualified in Nassau County
My Commission Expires September 02, 2018

Notary Public

Respectfully submitted,

/s/ David M. Cuppage
Robert T. Glickman (0059579)
David M. Cuppage (0047104)
Nicholas R. Oleski (0095808)
MCCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422 – Telephone
(216) 696-1210 – Facsimile
rtg@mccarthylebit.com
dmc@mccarthylebit.com

/s/Scott J. Sholder
Scott J. Sholder (*pro hac vice*)
COWAN, DEBAETS, ABRAHAMS &
  SHEPPARD, LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
(212) 974-7474 – Telephone
(212) 974-8474 – Facsimile
ssholder@cdas.com

*Attorneys for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the court's electronic filing system.

Parties may access this filing through the court's system.

/s/ David M. Cuppage
DAVID M. CUPPAGE (0047104)
MCCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., LPA