**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **W. 6 RESTAURANT GROUP LTD.,** | ) | **CASE NO. 1:17 CV 2521** |
| **d/b/a Barley House of Cleveland,** | ) | |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **RICHARD BENGTSON, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

On or about November 30, 2017, Plaintiffs W. 6 Restaurant Group, Ltd. and Richie Madison filed a Verified Civil Complaint and Motion for Temporary Restraining Order ("TRO") in Cuyahoga County Common Pleas Court. The Verified Complaint alleged that Defendants, who have millions of followers across numerous social media platforms, used their online fame to engage in a cyber-bullying campaign against Plaintiffs, Barley House employees, and their patrons arising from an incident that occurred after hours at the Barley House on Sunday, November 26, 2017. The cyber-bullying campaign caused hundreds of Defendants' fan base to harass and threaten Barley House employees and patrons. On November 30, 2017, the state court judge issued an *ex parte* TRO against Defendants that enjoined Defendants from, among other things, (1) disseminating false or misleading information about the incident, (2) publishing any statements, videos, or images on social media platforms concerning Plaintiffs, their employees and patrons, (3) continuing to engage in their cyber-bullying and cyber-attack

campaigns, (4) being present within 500 feet of Barley House, and (5) having any type of contact with Barley House, its employees and patrons.

On December 4, 2017, Defendants removed the case to federal court and filed an Emergency Motion to Dissolve Temporary Restraining Order. (Doc #: 3.) The Court held a hearing on Wednesday, December 13, 2017 at which time the parties and Court agreed on a brief statement of approximately seven sentences for Defendants to publish to their followers on social media, after which neither party would ever mention the incident again. It was agreed that Defendant Banks could use his own words to communicate the few terms to which he agreed on social media. Defendants also agreed that, should they violate that agreement, they would be liable for contempt of court. The parties entered a written agreement reflecting those discreet terms the next day, and submitted a copy of that agreement to the Court. (See Minutes of Proceedings of 12/13/17 and Doc #: 15.) Specifically, the Notice of Partial Settlement stated:

> All parties to this action hereby provide notice of a partial settlement resolving the pending Motion for Preliminary Injunction filed by the Plaintiffs, which is withdrawn. Further, the Temporary Restraining Order has expired by virtue of the execution of the partial settlement agreement by all parties. The partial settlement agreement will remain confidential, but the Court shall retain jurisdiction to enforce its terms and conditions.

(Doc #: 15 at 1.)

On December 20, 2017, Plaintiffs' Attorney Adam Fuller contacted a member of the Court's staff to inquire what to file (e.g., a show cause motion) arising from Defendants' alleged violation of their agreement via a YouTube video Bengtson posted on December 19, 2017. After viewing the 25-minute video during which Defendant Bengtson incorrectly stated that the Court reversed the TRO and then proceeded to use an edited version of a video he had prepared before the TRO was entered to conduct his own version of the evening's events, the Court held a

teleconference with counsel and clients. The Court ordered Defendant Bengtson to immediately take the video down and prohibited him from saying anything further on social media about the Barley House until a contempt hearing, scheduled to take place on January 11, 2018.

At the January 11 contempt hearing, Defendant Bengtson testified that he showed the complete video to his counsel before uploading it on Youtube, he believed the video was consistent with the December 13, 2017 confidential settlement agreement, and he based this belief upon communications he had with his counsel. The Court directed his counsel to file a pleading by a date certain either confirming or refuting this testimony. Furthermore, if counsel did advise Bengtson that the YouTube video was consistent with the confidential settlement agreement, the filing and affidavits must explain this conclusion.

On January 26, 2018, Bengtson's counsel (Attorneys Cuppage, Glickman and Sholder) filed an affidavit making it quite clear that Defendant Bengtson's testimony was truthful. That is, Bengtson's counsel viewed the video before he uploaded it and Bengtson believed that the video was consistent with the confidential settlement agreement because counsel *advised* him that the video was consistent with the confidential settlement agreement. (Doc #: 33 at 4.)

\* \* \*

The Court **CONCLUDES** that Bengtson previewed the December 19, 2017 video with counsel, and counsel advised him that the video was consistent with the confidential settlement agreement. Accordingly, the Court will not impose any sanctions on Bengtson.

\* \* \*

That said, because Plaintiffs asked the Court to enforce the confidential settlement agreement, the agreement was discussed in detail during the contempt proceeding, and the

parties failed to cite a single case in opposition to the Motion of Eugene Volokh to Intervene and Gain Access to a Judicial Document, nor did they indicate that disclosure of the agreement would harm them in any way,[1] the Court hereby **GRANTS** the Motion (**Doc #: 29**). The Clerk of Court shall file the agreement as an exhibit to this Order. (See Exhibit A.)

**IT IS SO ORDERED.**

       */s/ Dan A. Polster    February 5, 2018*
**Dan Aaron Polster
United States District Judge**

---

[1] See Doc ##: 34, 35.